## Auman, Appellant, *v.* Cunfer.

*Fences—Equity—Dismissal of bill—Clean hands.*

A bill in equity filed for an injunction and to charge the defendant with the costs of a line fence is properly dismissed where it is shown that the plaintiff destroyed or instigated the destruction of two fences sufficient for all practical purposes, with the only possible motive of erecting another in order to charge the defendant with the cost thereof.

Argued Jan. 11, 1906. Appeal, No. 54, Jan. T., 1906, by plaintiff, from decree of C. P. Luzerne Co., Oct. T., 1904, No. 11, dismissing bill in equity in case of Lillie B. Auman v. John Cunfer. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON, HENDERSON and HEAD, JJ. Affirmed.

Bill in equity for an injunction.

The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the bill.

*F. D. Vincent,* for appellant.

. No appearance nor paper-book for appellee.

OPINION BY BEAVER, J., March 12, 1906 :

The plaintiff filed a bill in equity, seeking to enjoin the defendant from interfering with the erection of the one-half of a line fence, which she sought to build under the authority of the auditors of the borough of Ashley, in order to charge the defendant with the cost thereof.

Upon hearing, the court found as facts, based upon abundant testimony :

"1. That between the adjacent lots of improved land owned by the parties there had been an old partition fence which had fallen into decay, and upon notice of its condition defendant patched one-half thereof, so as to make it a sufficient fence.

" 2. Subsequently defendant erected a good and substantial wire and post fence in place of the old one which he had repaired, and practically in the same place. This fence was shortly thereafter clandestinely destroyed by some one acting for plaintiff, by cutting the wire into short pieces."

It might also have been found as a fact that the repaired fence which was declared by a number of witnesses to have been good and sufficient was also removed by the direction of the plaintiff.

Under these circumstances, it is not singular that the court decided as matter of law " that the plaintiff is not entitled to the relief sought and her bill should be dismissed."

Numerous exceptions were filed by the plaintiff to the findings of fact and law and to the opinion filed in connection with the findings. These exceptions were disposed of in an opinion by the court reciting more fully the facts in the case and dismissing the exceptions.

The testimony makes it very clear that the plaintiff did not come into a court of equity with clean hands. She destroyed, or instigated the destruction of, two fences sufficient for all practical purposes, with the only possible motive of erecting another, in order to charge the defendant with the cost thereof.

The technicalities invoked under the Act of March 11, 1842, P. L. 62, " For regulating and maintaining line fences, and for other purposes," and the tenth section of the Act of March 3, 1847, P. L. 199, ought not, under the circumstances of this

case, to be allowed to prevail in a court of equity, even if there was any merit from a legal standpoint in any of them.

We are entirely satisfied with the disposition of the case made by the court below.

Judgment affirmed.